UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA TERESA CHANEY,<br><br>    Plaintiff,<br><br>v.<br><br>CENTURY SQUARE CINEMAS, INC.,<br><br>    Defendant. | Case No. _____<br><br><br>JURY TRIAL DEMANDED |

### COMPLAINT

NOW COMES, Plaintiff, Cynthia Chaney, by and through her attorney, Sean L. Ruppert, of Kraemer, Manes & Associates LLC, and files this complaint alleging as follows:

### I. Nature of the Action

1.    Plaintiff brings this action under the Americans with Disabilities Act ("ADA") 42 U.S.C §12101-12213.

### II. Jurisdiction and Venue

2.    This action arises under the statutes cited in the preceding paragraph. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3.    Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

4.    Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") regarding her allegations under the ADA on August 23, 2017 under charge number 533-2017-01295. *See Exhibit 1.*

5. Plaintiff was mailed Notice of Right to Sue from the EEOC on December 8, 2017. The Complaint has been filed within ninety (90) days of the Plaintiff's receipt, this making this action timely. *See Exhibit 2.*

### III. Parties

6. Plaintiff, Cynthia Chaney, ("Plaintiff"), is an adult individual who currently resides at 1918 Maple Street, Apartment 1, Munhall, Pennsylvania 15120.

7. Defendant, Century Square Cinemas, Inc. ("Defendant") is a corporation with a business address of Westgate Plaza Office Suite 14, 2080 West State Street, New Castle, Lawrence County, Pennsylvania 16101. The location where Plaintiff worked was 2001 Mountain View Drive, West Mifflin, Allegheny County, Pennsylvania 15122.

### IV. Facts

8. Plaintiff was hired as a cleaner by Defendant on or about March 10, 2016.

9. In January of 2017, Plaintiff began experiencing pain in her right elbow, caused by the constant movement of her elbow while operating the Defendant's backpack vacuum cleaner.

10. As a result of her constant use of the backpack vacuum cleaner, Plaintiff suffered serious injuries, including but not limited to a tear in the right elbow which required surgery.

11. Plaintiff reported the injury to Defendant's General Manager, Michael Tolotta, on several occasions. Mr. Tolotta did not acknowledge Plaintiff's complaints and did not report the injury.

12. Due to the pain and lack of response from Tolotta, Plaintiff was saw her own orthopedic, Dr. Michael Tranovich, who found that her right elbow condition was work related, exacerbated by overuse, and suggested she wear a brace.

13. Plaintiff's pain worsened so she visited Dr. Tranovich again, who scheduled an MRI for March 16, 2017.

14. The MRI showed the tear in Plaintiff's elbow and surgery was scheduled for April 24, 2017.

15. Plaintiff submitted a time off request for the surgery and the necessary recovery period.

16. Tolotta approved Plaintiff's time off request.

17. On or about June 20, 2017, Plaintiff was released to return to work with light duty restrictions, which included instructions to refrain from using the back-pack vacuum cleaner.

18. Plaintiff's doctor ordered her to be on the light duty restriction until July 4, 2017.

19. Plaintiff called Tolotta to discuss her return to work. Tolotta informed Plaintiff that he would get back to her about her return to work on June 21, 2017.

20. Plaintiff did not hear back from Mr. Tolotta for several days and on June 24, 2017 she emailed him.

21. Mr. Tolotta responded to the email and informed Plaintiff that they do not accommodate light duty restrictions at the theater and that he had already hired two (2) cleaners, leaving no position available for Plaintiff to return to.

22. Plaintiff responded that the light duty restrictions were only necessary from June 21, 2017 until July 4, 2017 and she would be able to come back without any accommodations on July 4, 2017.

23. Mr. Tolotta affirmed that her position is no longer available and requested the keys be delivered to the company.

24. Mr. Tolotta informed Plaintiff that she had taken too long being under doctor's care and he had hired two (2) new cleaners.

25. Defendant was fully aware that Plaintiff was disabled, at a minimum, from April 22, 2017 through June 21, 2017.

26. On or about June 24, 2017, Plaintiff was terminated by Mr. Tolotta.

27. By Mr. Tolotta's own admission in an email to Plaintiff on June 24, 2017, Plaintiff was terminated, in whole or in part, for taking time off for surgery due to a work-related injury from April 22, 2017 through June 24, 2017.

## V. Causes of Action

### COUNT I

### Termination in Violation of the ADA

28. The averments contained in the preceding paragraphs are incorporated herein as if set forth at length.

29. Defendant paid Plaintiff a salary, in accordance with a regular payroll schedule, in exchange for services rendered by Plaintiff on behalf of the Defendant. Therefore, Defendant constitutes an "employer" within the meaning of the ADA.

30. Plaintiff was an employee with a disability within the meaning of the ADA following her tear in the right elbow and subsequent surgery due to the Defendant's backpack vacuum cleaner.

31. Plaintiff is a member of a protected class as she sustained a tear in the right elbow and subsequent surgery due to the Defendant's backpack vacuum cleaner.

32. Defendant was notified of, and fully aware of, Plaintiff's disability at all times relevant hereto.

33. Defendant terminated Plaintiff, in whole or in part, because of her disability.

34. Plaintiff's unlawful termination is an adverse employment action.

35. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

36. Defendant's acts and omissions violated the ADA.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in her favor, and against the Defendant, and award all damages available at law and in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, pre-judgment and continuing interest, and any other relief that the Court deems necessary and proper.

## COUNT II

### Retaliation in Violation of the ADA

37. The averments contained in the preceding paragraphs are incorporated herein as if set forth at length.

38. Defendant paid Plaintiff a salary, in accordance with a regular payroll schedule, in exchange for services rendered by Plaintiff on behalf of the Defendant. Therefore, Defendant constitutes an "employer" within the meaning of the ADA.

39. Plaintiff was an employee and therefore protected by the ADA against retaliation for engaging in a protected activity.

40. Plaintiff is a member of a protected class as she sustained a tear in the right elbow and subsequent surgery due to the Defendant's backpack vacuum cleaner.

41. Defendant perceived Plaintiff as having a disability following her work-related injury in January of 2017.

42. Defendant terminated Plaintiff, in whole or in part, because it perceived her as being disabled.

43. Defendant's unlawful termination of Plaintiff was an adverse employment action.

44. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

45. Defendant's acts and omissions violated the ADA.

46. Thus, by Defendant's own admission, Plaintiff was terminated in retaliation for her taking time off for surgery to rectify her work-related injury.

47. Furthermore, Defendant had more than enough information to determine, prior to Plaintiff's termination, that she would be returning to work on or about June 20, 2017 with only two (2) weeks of light duty necessary.

48. Plaintiff was unlawfully terminated, including but not limited to because of her disability, because she was regarded as being disabled, and in retaliation for her work-related injury.

49. Under the circumstances, Plaintiff should have been granted reasonable leave as a reasonable and necessary accommodation for her disability resulting from the work-related incident that subsequently lead to surgery.

50. Defendant's unlawful acts and omissions were willful, intentional, and purposeful.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in her favor, and against the Defendant, and award all damages available at law and in equity, including: lost

wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, pre-judgment and continuing interest, and any other relief that the Court deems necessary and proper.

### Count III

### Failure to Accommodate in violation of the ADA

51. The averments contained in the preceding paragraphs are incorporated herein as if set forth at length.

52. Defendant paid Plaintiff a salary, in accordance with a regular payroll schedule, in exchange for services rendered by Plaintiff on behalf of the Defendant. Therefore, Defendant constitutes an "employer" within the meaning of the ADA.

53. Plaintiff was an employee and therefore protected by the ADA against retaliation for engaging in a protected activity.

54. Plaintiff is a member of a protected class as she sustained a tear in the right elbow and subsequent surgery due to the Defendant's backpack vacuum cleaner.

55. Plaintiff was able to perform the essential functions of her job with Defendant with a reasonable accommodation in the form of reasonable leave while she was receiving medical care for, and recovering from, the serious injuries she sustained from operating the backpack vacuum cleaner.

56. Despite providing supporting medical documentation to Defendant, Plaintiff was nonetheless unlawfully terminated, in whole or in part, because she missed work while receiving medical care for the serious injuries she sustained in the work-related incident.

57. Defendant was fully aware of Plaintiff's disability following the diagnoses from Dr. Tranovich that the injury was work-related and exacerbated due to overuse, and yet Defendant

still refused to provide any accommodations to Plaintiff (including but not limited to a failure to allow her to take reasonable leave to recover from her serious injuries).

58. In fact, Defendant's termination email dated June 24, 2017, constitutes an admission by Defendant that it refused to provide Plaintiff with any accommodations (e.g., including but not limited to a failure to allow her to take reasonable leave to obtain medical treatment), as the letter specifically states that Plaintiff was terminated for missing work from April 22, 2017 through June 24, 2017.

59. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

60. Defendant's acts and omissions violated the ADA.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in her favor, and against the Defendant, and award all damages available at law and in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, pre-judgment and continuing interest, and any other relief that the Court deems necessary and proper.

## Count IV

### Refusal to Accommodate in violation of the ADA

61. The averments contained in the preceding paragraphs are incorporated herein as if set forth at length.

62. Defendant paid Plaintiff a salary, in accordance with a regular payroll schedule, in exchange for services rendered by Plaintiff on behalf of the Defendant. Therefore, Defendant constitutes an "employer" within the meaning of the ADA.

63. Plaintiff was an employee and therefore protected by the ADA against retaliation for engaging in a protected activity.

64. Plaintiff is a member of a protected class as she sustained a tear in the right elbow and subsequent surgery due to the Defendant's backpack vacuum cleaner.

65. Despite notifying Defendant of her disability following the elbow injury which occurred in January of 2017, and despite the fact that Plaintiff provided supporting medical documentation to Defendant, Defendant nonetheless unlawfully failed to engage in the interactive process with Plaintiff to determine what reasonable and necessary accommodations she was entitled to.

66. In Defendant's termination email dated June 24, 2017, Defendant stated that it refused to provide Plaintiff with any accommodations (e.g., including but not limited to a failure to allow her to take reasonable leave to obtain medical treatment), as the letter specifically states that Plaintiff was terminated for missing work from April 22, 2017 through June 24, 2017.

67. Defendant was fully aware of Plaintiff's disability following the work-related injury, and yet Defendant still refused to engage in the interactive process with Plaintiff.

68. Instead, Defendant hired a replacement for Plaintiff while she was out healing from her necessary surgery.

69. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

70. Defendant's acts and omissions constitute an illegal failure to engage in the interactive process, in violation of the ADA.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in her favor,

and against the Defendant, and award all damages available at law and in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, pre-judgment and continuing interest, and any other relief that the Court deems necessary and proper.

Respectfully Submitted,

_____
**Sean L. Ruppert, Esq.**
PA ID No. 314380
**KRAEMER, MANES & ASSOCIATES LLC**
US Steel Tower, 48th Floor
600 Grant St., Suite 4875
Pittsburgh, PA 15219
(412) 626-5550 Direct
(412) 637-0237 Facsimile
sr@lawkm.com